

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
VINCENT AGOSTINO,

                          Plaintiff,            08 Civ.    (

       -against-

DAVID SIMPSON, individually, WILLIAM
REGAN, individually, PHILIP AMICONE,
individually, and the CITY OF YONKERS,
New York,

                           Defendants.
------------------------------------------------------x

**COMPLAINT**

**08 CIV. 5760**

**Jury Trial Demanded**

     Plaintiff VINCENT AGOSTINO, by his attorney Jonathan Lovett, Esq., for his

complaint respectfully states:

## NATURE OF THE ACTION

     1. This is an action for compensatory and punitive damages, proximately resulting

from conduct jointly engaged in by Defendants while acting under color of New York

State law, for violations of Plaintiff's rights as guaranteed by the First and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

     2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

     3. Plaintiff VINCENT AGOSTINO (hereinafter "Vincent") is a citizen of the

United States, a domiciliary of the State of New York, and a resident of the Northern

Counties. At all times relevant to this complaint he was employed by the Defendant City

on a permanent, tenured civil service basis in the job position "Senior Video Technician".

As a result he could not, with a pre-deprivation due process hearing, be terminated from

the City's employ. Plaintiff's biological father, Santo Agostino (hereinafter "Santo")

who is not employed by the City of Yonkers and hence is not readily subject to retaliatory

action by the Defendants - - commencing in or about July 2007 became known to

Defendants as a close friend and associate of one Selim Zherka (hereinafter "Zherka"),

the owner/publisher of The Westchester Guardian - - a weekly periodical which in July of

that year began a series of news articles concerning Amicone, advocating his defeat in his

2007 campaign for re-election as Mayor, criticizing the corruption which permeates his

administration, challenging the unchecked police brutality in the City as permitted by

Amicone, denouncing the grand larceny of public moneys by reason of Amicone's

padding of the City's payroll with no-show politically connected individuals, and

decrying other criminal wrong-doing in the City's administration. As a proximate result

of The Westchester Guardian's said substantive content Simpson, Amicone and amongst

others Regan galvanized the City's Police Department in calculated violation of Zherka

and *inter alia* The Westchester Guardian's First Amendment protected right, wholesale

confiscating the newspapers as well as the newsracks from which they were distributed

and criminally charging individuals (including Zherka) with wrong-doing for supposedly

violating a facially unconstitutional City Code provision. Santo, to Defendants'

knowledge, actively supported Zherka as The Westchester Guardian's owner/publisher,

actively supported The Westchester Guardian's expression of negative opinions

regarding Amicone and his administration, and advocated Amicone's defeat in the 2007

election by the candidate who opposed Amicone and was supported by Zherka and <u>The Westchester Guardian</u>.

4. Defendant DAVID SIMPSON (hereinafter "Simpson"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed "Director of Communications" for the Defendant City. As such he was appointed by and is directly answerable to the Mayor.

5. Defendant WILLIAM REGAN (hereinafter "Regan"), who is sued in his individual and personal capacities, at all times relevant to this complaint was the Deputy Mayor of the Defendant City.

6. Defendant PHILIP AMICONE (hereinafter "Amicone"), who is sued in his individual and personal capacities, at all times relevant to this complaint was the duly elected Mayor of the Defendant City.

7. Defendant CITY OF YONKERS, New York (hereinafter "City") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

8. In order to retaliate against and punish Vincent for the First Amendment protected activities of Santo and Zherka, as referenced *supra*, on January 28, 2008, Simpson, Regan, and Amicone jointly caused Plaintiff to be served with pretextual civil service disciplinary charges ostensibly in accordance with Section 75 of the New York State Civil Service Law. In that connection Defendants suspended Plaintiff without pay

for thirty days. The thirty day payless ran its course, following which Plaintiff was restored to the City payroll prior to the commencement of his disciplinary hearing.

9. Following commencement of Plaintiff's public disciplinary hearing, attended by Santo, Zherka and other representatives of The Westchester Guardian, the hearing officer selected by Amicone announced that he did not want any "fucking media" in the hearing room and he did not want his face to be depicted on any "fucking cameras" as operated by Zherka and at least one other representative of The Westchester Guardian. Zherka and his colleagues from The Westchester Guardian refused to leave the hearing room and Zherka video recorded the hearing notwithstanding the hearing officer's First Amendment offensive remarks.

10. Shortly after the first day of Plaintiff's disciplinary hearing, Defendants took retaliatory action against him by removing him from the City payroll indefinitely, effectively terminating his employment.

11. Defendants took that adverse employment action to further retaliate against Vincent because of Zherka, The Westchester Guardian, and Santo's First Amendment protected activities as set forth *supra*.

12. As a proximate result of Defendants' conduct Vincent has been caused to suffer: violations of his right of intimate association; violation of his rights, on a third party basis, to free speech and freedom of the press; violation of his right to due process; pecuniary losses; public humiliation; public embarrassment; anxiety; emotional upset; irreparable damage to his personal and professional reputations; and he has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' conduct violated Plaintiff's right of intimate association as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

16. Under the premises Defendants' conduct violated Plaintiff's right to free speech and/or freedom of the press as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

18. Under the premises Defendant conduct deprived Plaintiff of his property rights without first according him a pre-deprivation due process hearing as required the Fourteenth Amendment, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

      a.  Awarding against the individually named Defendants such punitive damages as the jury may impose,

b.  Awarding against all Defendants such compensatory damages as the jury may determine,

c.  Awarding against all Defendants reasonable attorney's fees and costs, and,

d.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      June 24, 2008

Jonathan Lovett (4854)
Attorney for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401